Shauck, J.
Counsel for the plaintiff in error has made it quite clear that the liability of the treasurer is absolute, and that it differs in that respect from that of the ordinary trustee or bailee who may be exempt from liability on account of funds lost without his negligence or connivance. But it does not necessarily follow that funds coming into the hands of the treasurer are his, nor that upon the receipt of money in his official capacity the relation of debtor and creditor is established between him and the district. To the contrary it is quite clear that instead of being the creditor of the district he is its treasurer — the custodian of its funds — and that he acquires custody of the funds without acquiring title to them. In his bond they are designated as “the school funds of the school district of Cincinnati.” In section 4049 of the statutes they are referred to as “money belonging to the district.” The terms of section 6841 of the Revised Statutes, contain a similar suggestion as to the title of the funds. That section designates them as “public money * * * belonging * * * to the board of education,” and makes it unlawful for the treasurer “to use, loan or invest it in any manner.” While the proviso of that section makes it lawful for the treasurer of a board of education to deposit the funds in his keeping, it designates them as “public money.” These legislative designations of the owner *74 ship of the funds, and these and other limitations upon their use by the treasurer, are quite irreconcilable with the theory that they become the property of the officer and he a mere creditor of the school district. Whether he should be regarded as “ a bailee with express and extraordinary liabilities,” or as “a special trustee,” is not material, for he is, in either view, the custodian of funds which belong to another. Since the funds belong to the school district, the ultimate question in the case is answered in favor of the defendant in error by the elementary proposition, that in the absence of a statute or stipulation to the contrary the increment follows the principal. It does not aid an inquiry as to what the law is to suggest that the district would not be injured by the deposit of its funds at interest payable to the custodian since he may deposit it without interest. The suggestion does not appear to have been favorably considered by the legislature since it has indicated that while he may deposit it he may not in any manner invest it. The safety of public funds has been the chief object of care. For their security the law employs the character and ability of the treasurer, and the security which is afforded by his official bond. It has not been thought expedient to establish a policy which would give to the treasurer any personal motive in selecting a, place of deposit, nor does the case suggest any reason why it should be regarded as an exception to the rule that a public officer shall receive such compensation only as is expressly provided.
[The above case was decided previous to the retirement of Judge Minshall. — Reporter.]

Judgment affirmed.

Minshall, C. J., Williams, Burket, Spear and Davis, JJ., concur.